**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT E. GEESEY,** | : | **No. 1:23cv1517** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| | : | |
| **CAMPING WORLD, LLC, formerly named and known as CWI, INC., d/b/a CAMPING WORLD OF HANOVER and d/b/a as CAMPING WORLD, INC.; FREEDOMROADS, LLC; and MEYER'S RV CENTERS, LLC d/b/a WORLD RV SALES,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition in this employment discrimination case are the following motions:

1) Defendants Freedomroads, LLC ("Freedomroads") and Meyer's RV Centers, LLC d/b/a Camping World RV Sales' ("Meyer's RV") motion to dismiss or, in the alternative stay claims and compel arbitration;

2) Defendant Camping World, LLC, formerly named and known as CWI, Inc. d/b/a Camping World of Hanover and d/b/a Camping World, Inc.'s (hereinafter "Defendant Camping World") motion to set aside entry of default; and

3) All defendants' motion for leave to file an amended motion to dismiss or, in the alternative, stay claims and compel arbitration.

The parties have briefed the respective positions and the motions are ripe for disposition.

**Background**[1]

According to the complaint, defendants[2] employed Plaintiff Scott E. Geesey as an RV Sales Associate beginning in February 3, 2014. (Doc. 1, Compl. ¶ 12). Defendants terminated plaintiff's employment effective March 2, 2021. (Id. ¶ 47). Plaintiff initiated the instant lawsuit alleging that defendants terminated his employment in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Age Discrimination In Employment Act, 29 U.S.C. § 621, *et seq.*; and the Pennsylvania Human Relations Act, 43 PA. STAT. § 951 *et seq.*

Plaintiff filed a proof of service indicating that Defendant Camping World was served on October 4, 2023. (Doc. 4). Thus, Defendant Camping World was required to plead or otherwise respond to the complaint by October 25, 2023. (Id.) Defendant Camping World filed nothing by that date. The other defendants, Freedomroads and Meyer's RV, however, filed a motion to dismiss, or in the alternative stay claims and compel arbitration on October 25, 2023. (Doc. 7).

---

[1] Due to the nature of the motions at issue, the court need not provide in depth detail as to the factual background.
[2] As explained more fully below, the parties dispute which entity or entities employed plaintiff.

2

Plaintiff filed a request for entry of default against Defendant Camping World on November 8, 2023. (Doc. 10). Plaintiff alleged that Defendant Camping World had failed to plead or otherwise respond to the complaint. The Clerk of Court made an entry of default against Camping World, LLC on November 15, 2023. (Doc. 13). The next day, Defendant Camping World filed a motion to set aside the default. (Doc. 14).

The parties have briefed their respective positions with regard to the motions bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings his employment discrimination claims pursuant to 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 621, *et seq.*, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

An entry of default may be set aside "for good cause shown." FED. R. CIV. P. 55(c). In determining whether good cause exists, the court examines the following three factors: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable or inexcusable conduct. U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

**Discussion**

The decision to set aside an entry of default under Rule 55(c) is left to the discretion of the trial court. $55,518.05 in U.S. Currency, 728 F.2d at 194.  The Third Circuit Court of Appeals, however, has noted that it does not favor the entry of defaults. Id.  Thus, in deciding whether to set aside an entry of default, doubtful cases must be resolved in favor of the moving party so that cases may be decided on their merits. Id. at 194-195. In light of this law, the court will analyze each of the three factors set forth above.

The first factor is whether the plaintiff will be prejudiced if the default is denied. Id. at 194.  "Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 147- 48 (E.D. Pa. May 21, 2001); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  Here, plaintiff filed the lawsuit on September 13, 2023 and filed the request for entry of default on November 8, 2023.  (Doc. 1, Doc. 10).  The clerk of court entered default on

November 16, 2023. (Doc. 13). The next day, Defendant Camping World, LLC moved to set aside the default. (Doc. 14). The time between the filing of the complaint and the motion to set aside the default is approximately two (2) months. The passage of such a short period of time indicates that plaintiff will not be prejudiced with regard to loss of available evidence or substantial reliance on the judgment.

Plaintiff, however, argues that the other defendants are attempting to cloud Camping World's role as plaintiff's employer by creating a plethora of relationships among the defendants. Vacating the entry of default would increase the potential for collusion according to the plaintiff. The court is not convinced. It appears that one of the issues in this case is whether Camping World was indeed the plaintiff's employer. In the brief in support of the motion to dismiss, Defendants Freedromroad and Meyer's RV stated that Camping World is not a proper defendant as it was not plaintiff's employer. (Doc. 8, at 2 n.3). It may have been best to have filed an answer or motion on behalf of Camping World and then litigate this issue, rather than raising it in the other defendants' brief, but the court perceives no evidence of inappropriate collusion here. Accordingly, the prejudice factor weighs in favor of vacating the entry of default.

The second factor to analyze is whether the defendant has a litigable defense. $55,518.05 in U.S. Currency, 728 F.2d at 194. Here, Camping World,

5

LLC, as well as the other defendants, argue that Camping World, LLC was not plaintiff's employer. This appears to be a litigable defense because if Camping World was not plaintiff's employer, then it cannot be liable for the alleged employment discrimination. This factor, therefore, weighs in favor of vacating the entry of default.

The final factor is whether defendant's delay is due to culpable or inexcusable conduct. As noted above, instead of answering the complaint or filing a motion to dismiss, the issue of whether Camping World, LLC is a proper party was raised in the brief with regard to Freedomroad and Meyer's RV's motion to dismiss. All of these defendants, including Camping World, LLC are represented by the same attorney. Thus, the failure to answer is due to the defendant's conduct, although the court finds the conduct not to be "inexcusable". The defendants' position with regard to Camping World was set forth, even if an answer or motion to dismiss on its behalf was not filed. This factor, is therefore, neutral in the court's analysis.

Weighing of all of the factors indicates that the entry of default should be vacated in that plaintiff has suffered no prejudice and the defendant has a litigable defense. Accordingly, the defendant's motion to set aside default will be granted.

Defendants Freedomroads and Meyer's RV have also filed a motion for

leave to file an amended motion to dismiss or, in the alternative, stay claims and compel arbitration. (Doc. 16). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the court's leave. Such leave should be freely given when justice so requires. FED. R. CIV. P. 15(a); see also M.D.PA. L.R. 15.1. The purpose of the amended motion to dismiss is to explicitly include Camping World, LLC as a moving party. (Id. ¶ 11). Because the entry of default will be set aside, the court will grant the motion to amend the motion to dismiss.

**Conclusion**

For the above-stated reasons, the entry of default against Defendant Camping World, LLC will be set aside, and the defendants' motion to file an amended motion to dismiss or, in the alternative, stay claims and compel arbitration will be granted. An appropriate order follows.

Date: 8/27/24

JUDGE JULIA K. MUNLEY
United States District Court