## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT E. GEESEY, | : | No. 1:23cv1517 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CAMPING WORLD, LLC formerly | : | |
| known as CWI, Inc. doing business | : | |
| as Camping World of Hanover | : | |
| doing business as | : | |
| Camping World, Inc.; | : | |
| FREEDOMROADS LLC; AND | : | |
| MEYER'S RV CENTERS, LLC | : | |
| doing business as Camping World | : | |
| RV Sales, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is an amended motion to dismiss and

compel arbitration filed by Defendants Camping World, LLC formerly known as

CWI, Inc. d/b/a Camping World of Hanover d/b/a Camping World, Inc.,

FreedomRoads, LLC, and Meyer's RV Centers, LLC d/b/a Camping World RV

Sales (collectively "Camping World Defendants").[1] Camping World Defendants

---

[1] According to the complaint, during his employment with Camping World Defendants, plaintiff was getting paid by Defendant FreedomRoads, LLC. (Doc. 1, Compl. ¶ 14). Plaintiff further alleges that Defendant Meyer's RV Centers, LLC identified itself as his former employer and the proper party respondent in the underlying action before the Pennsylvania Human Relations Commission. (Id. ¶ 17). As for Defendant Camping World, LLC formerly known as CWI, Inc., there is a dispute as to its status as a proper party to this action. The court will not address this issue at this stage of the proceedings. Nonetheless, all three named defendants are represented by same counsel and they collectively filed the instant motion.

move to dismiss this action and compel arbitration of plaintiff's claims pursuant to

an Arbitration Agreement ("Agreement") signed by plaintiff near the outset of his

employment.  Alternatively, Camping World Defendants seek to stay this case

pending the completion of arbitration. The amended motion is ripe for a decision.

**Background**[2]

Plaintiff seeks damages from Camping World Defendants arising from

alleged disability and age discrimination and retaliation in violation of federal and

state law.[3]  Camping World Defendants now move to compel arbitration based on

an arbitration agreement plaintiff signed at the inception of his employment

---

[2] These background facts are derived from plaintiff's complaint.  At this stage of the proceedings, the court must accept all factual allegations as true.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).  The court makes no determination, however, as to the ultimate veracity of these assertions.

[3] Camping World Defendants employed Geesey as an RV Sales Associate beginning on or around February 3, 2014. (Doc. 1, Compl. ¶ 12).  Camping World Defendants terminated Geesey's employment on March 2, 2021. (Id. ¶ 32).  Plaintiff's complaint sets forth the following claims against Camping World Defendants:
  - Count I: Discriminatory discharge in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA");
  - Count II: Retaliatory discharge in violation of the ADA;
  - Count III: Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; and
  - Count IV: Violation of the Pennsylvania Human Relations Act, 73 PA. STAT. §§ 951, *et seq.* ("PHRA").

(Id. ¶¶ 42-81).
   Based on the above claims, plaintiff seeks to recover back pay and benefits together with interest. (Id. ¶¶ 53, 63).  Plaintiff also seeks reinstatement, front pay and benefits should reinstatement prove impractical, punitive damages, costs, and counsel fees. (Id. ¶¶ 54, 64, 75, 76).

agreeing to arbitrate employment-related disputes. (Doc. 29, Def. Br. in Supp. at 3-4). Plaintiff does not deny that he signed the Agreement. Rather, Geesey asserts that a sixty-day period of discovery is necessary to determine the issue of arbitrability and create a factual record. (Doc. 30, Br. in Opp. at 7, 10, 15). To support his position, plaintiff asserts that the affirmative defense of arbitration is not apparent on the face of the complaint. (Id. at 10). Furthermore, plaintiff challenges the validity and authenticity of the Agreement. (Id. at 7). Hence, he proposes that Camping World Defendants renew its motion for the court's consideration after limited discovery under a summary judgment standard. (Id. at 7, 11, 15).

Camping World Defendants oppose plaintiff's position.[4] Per Camping World Defendants, plaintiff should be compelled to resolve his claims in arbitration in accordance with the mutually agreed upon terms of the Agreement. (Doc. 29, Def. Br. in Supp. at 1). Camping World Defendants further argue that the appropriate standard governing its motion is set forth in Federal Rule of Civil Procedure 12(b)(6). (Doc. 31, Reply Br. at 4). In moving to compel arbitration, Camping World Defendants attached the Agreement to their brief in support along with the amended declaration of Michael Waddington, human capital

---

[4] Per Camping World Defendants, the parties have conferred regarding the referral of the case to arbitration and were not able to reach agreement. (Doc. 28, ¶ 4).

3

director for Defendant FreedomRoads, LLC. (Doc. 29, Def. Br. in Supp., Ex. A.,

Am. Declaration, and Ex. 1., Arbitration Agreement). Camping World Defendants

also attached a document entitled "Rules for the 3-Step Resolution to Associate

Issues," which is referenced in the Agreement. (Doc. 29, Def. Br. in Supp., Ex. 2,

Rules). The parties have briefed their respective positions, bringing the case to

its present posture.

**Jurisdiction**

The court has federal question jurisdiction over plaintiff's claims under the

ADA and the ADEA. 28 U.S.C. § 1331. The court has supplemental jurisdiction

over plaintiff's PHRA claims. 28 U.S.C. § 1367(a).

**Analysis**

To determine whether a valid arbitration agreement exists, the court must

first decide whether the inquiry falls under Rule 12(b)(6) or Rule 56, and

accordingly, what materials it may consider. Sanford v. Bracewell & Guiliani, LLP,

618 F. App'x 114, 117 (3d Cir. 2015). A motion to compel arbitration is reviewed

under Rule 12(b)(6) "[w]here the affirmative defense of arbitrability of claims is

apparent on the face of a complaint (or ... documents relied upon in the

complaint)." Id. (quoting Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d

764, 773–74 (3d Cir. 2013)). If, however, a complaint lacks the "requisite clarity

to establish arbitrability" or the party opposing the motion to compel arbitration

presents "reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did, resort to discovery and Rule 56 is proper." Id. (citation modified) (quoting Guidotti, 716 F.3d at 774)). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." Guidotti, 716 F.3d at 776.

Geesey neither references nor attaches the Agreement to his complaint. (See Doc. 1, Compl.).  The complaint also makes no reference to arbitration. The complaint vaguely refers to Camping World Defendants' employment policies (Id. ¶¶ 16, 35) and employee handbook (Id. ¶¶ 13, 35), but neither document is before the court.  Although plaintiff asserts that Camping World Defendants' anti-discrimination policy and handbook do not reference arbitration, the court cannot, at this stage of the proceedings, speculate as to their contents. (Doc. 30, Br. in Opp. at 10 n. 5).  Moreover, Geesey attached only his termination notice to the complaint, and that notice likewise makes no mention of arbitration. (Doc. 1-1, Ex. A, Termination Notice).  Thus, "[u]nder Guidotti's first pathway . . . 'the affirmative defense of arbitrability of [Geesey's] claims is [not] apparent on the face of [the] complaint,' making application of Rule 12(b)(6) inappropriate in this case." Horton v. FedChoice Fed. Credit Union, 688 F. App'x 153, 157 (3d Cir. 2017) (quoting Guidotti, 716 F.3d at 773–74).

In support of their position that Rule 12(b)(6) provides the applicable standard at this stage, Camping World Defendants assert that plaintiff does not dispute signing the Agreement and that his claims fall within its scope. (Doc. 31, Reply Br. at 4-5). At the same time, Camping World Defendants rely on Asberry-Jones v. Wells Fargo Bank, Nat'l Ass'n to argue that plaintiff fails to state facts sufficient to place the Agreement at issue. 2019 WL 2077731, at *3 (E.D. Pa. May 10, 2019). In the Eastern District of Pennsylvania, the Honorable Mark A. Kearney applied a Rule 12(b)(6) standard in deciding defendant's motion to compel arbitration even though the complaint did not reference the arbitration agreement. Id. According to the court:

> Although [plaintiff's] complaint does not refer to the Arbitration Agreement and her response to [defendant's] motion argues the complaint is "unclear regarding the agreement to arbitrate," her allegations fall within the scope of the Arbitration Agreement. We are not compelled to apply a summary judgment standard because [plaintiff] failed to mention the Arbitration Agreement in her complaint. Indeed, we cannot envision a plaintiff choosing to file a complaint in federal court will affirmatively plead the existence of an arbitration provision. The purposes of the Act would be frustrated "if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints." We do not find this absence a barrier to applying the Rule 12(b)(6) standard.

Id.

Plaintiff in Asberry-Jones did "not deny she signed the . . . Arbitration Agreement or contest the authenticity of either document attached to

6

[defendant's] motion." Id.  Nor did plaintiff in Asberry-Jones "provide [the court] facts challenging the validity of the Arbitration Agreement. Instead, she suggest[ed] [that the court] should allow discovery to evaluate 'if there was a meeting of the minds or if the purported arbitration agreement [was] illusory." Id. Although similar, Asberry-Jones is distinguishable from the instant case.

Geesey does not dispute that he signed the Agreement; however, he challenges the Agreement's authenticity and validity.  With respect to the Agreement's authenticity, Geesey asserts that the handwritten date and the entity's name "Camping World" in the Agreement do not appear to have been written by Jodie Klinedinst, the individual who allegedly signed the last page of the Agreement on behalf of Camping World Defendants. (Doc. 30, Br. in Opp. at 7).  Geesey does not specify whether he is referring to the handwritten date appearing on the first page of the Agreement or to the date on the signature page.  Nevertheless, plaintiff maintains that the presence of different handwriting in the Agreement casts doubt as to its authenticity. (Id.)

As to validity, Geesey contends that the Agreement is unconscionable. (Id. at 12-13).  Geesey further argues that the Agreement's terms are vague and indefinite because the moving defendants are not named in the Agreement. (Id. at 14).  According to Geesey, the Agreement references only "Camping World" on the first page, which is a fictitious name belonging to a Pittsburgh Corporation

that is not a party to this action. (Id. at 4, 5 n. 3, 14). Additionally, per plaintiff, Jodie Klinedinst, the individual who allegedly signed the Agreement on behalf of "Camping World RV Sales – Hanover" was a front desk receptionist without authority to bind Camping World Defendants to a legal agreement. (Id. at 6). Geesey also contends that the dates on the document are inconsistent, that is, page one of the Agreement states that it was made on the "28th day in the month of 1, 2014," while the signature page bears the date, February 4, 2014, the day following plaintiff's start date. (Id. at 14). Geesey's argument regarding the inconsistency in the dates appears directed toward the validity of the Agreement.

Unlike the plaintiff in Asberry-Jones, Geesey has set forth arguments challenging both the authenticity and validity of the Agreement. Whether these arguments are "more than . . . naked assertion[s] . . . that [Geesey] did not intend to be bound by the arbitration agreement" is a matter for another day given that the defense of arbitrability is not apparent on the face of the complaint. Guidotti, 716 F.3d at 774 (internal quotation omitted). As the Third Circuit Court of Appeals has noted "Guidotti is unequivocal: if the complaint and incorporated documents are not clear on their face as to an agreement to arbitrate, 'the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement.' " Horton, 688 F. App'x at 157 (quoting Guidotti, 716 F.3d at 774)). Therefore, in light of Geesey's

8

assertions, the court need not reach the question of whether his claims fall within the scope of the Agreement.

Because Geesey's complaint and incorporated documents are not clear as to the parties' agreement to arbitrate, the proper course at this stage of the proceedings is to treat Camping World Defendants' Rule 12(b)(6) motion as one for summary judgment under Rule 56.[5] Guidotti, 716 F.3d at 776.  Under Guidotti, dismissal of Camping World Defendants' motion is appropriate in favor of applying Rule 56 standard following limited discovery. Horton, 688 F. App'x at 156 n. 4.  Hence, the court will deny Camping World Defendants' amended motion to dismiss and compel arbitration and allow thirty (30) days of limited discovery on the question of arbitrability.

---

[5] As the Third Circuit Court of Appeals has held in Guidotti:

> The conversion of the standard for reviewing a motion to compel arbitration mirrors the process provided by Rule 12(d) for converting a motion to dismiss to a motion for summary judgment. That rule provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Once the motion is converted to a motion for summary judgment, reasonable allowance must be made for the parties to obtain discovery.

716 F.3d at 775 n.6.

## Conclusion

For the reasons set forth above, defendants' amended motion to dismiss and compel arbitration, (Doc. 28), will be denied without prejudice. The parties will have thirty (30) days to engage in limited discovery on the question of arbitrability. Following limited discovery, defendants may renew their motion to compel arbitration which the court would consider under a summary judgment standard. An appropriate order follows.

Date: 9/22/25

JUDGE JULIA K. MUNLEY
United States District Court